UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SABRINA M. WILLIAMS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 24-cv-10080-ADB |
|  | ) | (Appeal No. 24-01155) |
| JUDGE THERESA BISENIUS, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court finds that plaintiff's notice of appeal does not divest this Court of jurisdiction. The Commonwealth's motion to dismiss is allowed and plaintiff's pending motions are denied. The summonses previously issued are rescinded. If plaintiff wishes to proceed with this action, she must file an amended complaint in accordance with the requirements discussed below.

### I. BACKGROUND

On January 9, 2024, Sabrina M. Williams ("Williams") filed a *pro se* complaint on the preprinted Pro Se 1 form provided by the Administrative Office of the United States Courts which is accompanied by seven pages of unnumbered paragraphs.[1] [Dkt. No. 1]. Williams' complaint lists 42 defendants that include attorneys, state court judges, government officials, corporate entities, and unidentified individuals. [Id. at 7 – 8].

---

[1] Because the complaint is not consecutively paginated, all citations to pages of the complaint refer to the Electronic Document Filing System pagination.

Williams checked the box indicating "federal question" jurisdiction and alleges that defendants violated her rights under 42 U.S.C. § 1983, 8 U.S.C. § 1325C, 18 U.S.C. § 31, 18 U.S.C. § 47, 18 U.S.C. § 242, and 18 U.S.C. § 1546.  [Dkt. No. 1 at ¶ II(A) (if the basis for jurisdiction is a federal question)].  She also asserts violations of Title VII of the Civil Rights Act of 1964 and of the First, Ninth and Fourteenth Amendments to the United States Constitution.  [Id. at 6].  For the statement of claim, Williams states that "the defendant(s) has directly or indirectly violated the plaintiff's rights through fraud and/or theft pursuant to Title 18 USC Section 47 / Title 18 USC Section 31 / Title 8 USC Section 1325C / Title 18 USC Section 1546/ etc."  [Id. at 7 (request/claim/relief sought)].  Williams' complaint references other lawsuits in both state and federal courts and seeks "equitable relief for the monetary damages stated within these listed dockets listed through the US District Court as the state court(s) could not provide remedy due to the cause of action(s) involving federal statutes, namely fraud and theft pursuant [to several federal criminal statues and an immigration statute]."  [Id. at 6 -7].  As best as can be gleaned from the complaint, Williams is dissatisfied with various rulings and contends that her federal rights have been violated by one or more of the defendants.

Two days after filing her complaint, on January 11, 2024, Williams paid the filing fee [Dkt. No. 4] and the clerk issued summonses.  [Dkt. No. 6].  Since the filing of this action, Williams has filed more than a dozen motions.  See [Docket].  On January 31, 2024, the Commonwealth moved to dismiss for lack of jurisdiction.  [Dkt. No. 32].

By Electronic Order dated February 6, 2024 [Dkt. No. 39], the Court denied Williams' "emergency" motions [Dkt. Nos. 15, 17] that sought to add and remove defendants.  The Court noted that Williams had failed to submit an amended complaint with her motions to amend and to comply with this court's local rule for addition of new parties.  [Dkt. No. 39].  Also, the Court

advised Williams that a party has 14 days after service of a motion to dismiss to file its opposition to that motion. [Id.].

Williams did not respond directly to the Court's February 6, 2024 Electronic Order. Instead, she filed an interlocutory appeal, [Dkt. No. 40], and the matter has been assigned case number 24-1155 by the United States Court of Appeals for the First Circuit. [Dkt. No. 42]. To date, no action has been taken by the First Circuit (other than to grant an extension for the time to file opening forms).

In addition to the Commonwealth's motion to dismiss, now pending are Williams' (1) Emergency Motion for Alternate Service [Dkt. No. 37]; (2) Emergency Motion to Return Mail [Dkt. No. 38]; (3) Motion to Serve Defendants [Dkt. No. 44]; and (4) Emergency Motion for Leave of Court [Dkt. No. 43].

**II.   WILLIAMS' APPEAL HAS NOT DIVESTED THIS COURT OF JURISDICTION**

Generally, a litigant must wait until all claims against all parties have been adjudicated before obtaining appellate review. 28 U.S.C. § 1291. A judgment is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Whitfield v. Municipality of Fajardo, 564 F.3d 40, 45 (1st Cir. 2009) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).

"[T]he filing of a notice of appeal divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal." United States v. Brooks, 145 F.3d 446, 455 (1st Cir. 1998) (internal quotation marks omitted). However, the Courts of Appeals generally only have jurisdiction of appeals from final decisions, 28 U.S.C. § 1291, a defined group of interlocutory decisions (that is, intermediate, non-final decisions), 28 U.S.C. § 1292, and a "small class [of decisions] which finally determine claims of right separable from,

and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). This last exception is called the "collateral order doctrine." United States v. Gorski, 807 F.3d 451, 458 (1st Cir. 2015). An order denying a motion to amend is not a final judgment and therefore not immediately appealable, absent exceptional circumstances not present here. Kartell v. Blue Shield of Massachusetts, Inc., 687 F.2d 543, 551 (1st Cir. 1982); see Kahn v Chase Manhattan Bank, N.A., 91 F.3d 385, 388 (2d Cir. 1996) ("It is well-settled that an order denying leave to amend a complaint is not a final decision." (internal quotation marks and alteration omitted).

Because Williams still has claims pending and a final judgment has not yet entered, her appeal is premature. Likewise, the issues raised in the notice of appeal would not evade review on appeal of a final order, the February 6, 2024 Electronic Order does not fall within the "collateral order doctrine." United States v. Gorski, 807 F.3d 451, 458 (1st Cir. 2015). Under the circumstances, the filing of the notice of appeal has not divested this court of jurisdiction over this action. The Court finds, therefore, that it retains jurisdiction over all of the matters presently before it in this case.

### III.     INHERENT AUTHORITY OF THE COURT TO SCREEN THE COMPLAINT

Because Williams paid the filing fee associated with this action, the screening procedure set forth in 28 U.S.C. § 1915(e)(2) does not apply. Nevertheless, the Court has inherent authority to review (and, if appropriate, dismiss) complaints that lack an arguable basis in either fact or law. See, e.g., Mallard v. U.S. Dist. Court for S. Dist. Of Iowa, 490 U.S. 296, 307–08 (1989) (courts have authority to dismiss a frivolous or malicious lawsuits even in absence of any specific statutory provision); Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362,

363–64 (2d Cir. 2000) ("district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources" and district court properly dismissed frivolous case, even when fee paid).  See also Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Further, the Court has an independent obligation to inquire, sua sponte, into its subject matter jurisdiction.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

In conducting this review, the Court liberally construes the complaint because Williams is self-represented.  See Rodi v. Southern New England Sch. Of Law, 389 F.3d 5, 13 (1st Cir. 2004) (citing Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000)).  Although a pro se pleading is held to a less stringent standard than pleadings drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), "a court ... will not 'conjure up unpled allegations' ... to state an actionable claim." Restucci v. Clarke, 669 F.Supp.2d 150, at 155 (D. Mass. 2009) (quoting McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979)).  Even under a liberal construction, however, when a complaint fails to set forth facts sufficient to give it "an arguable basis either in law or in fact," it is subject to dismissal. Neitzke, 490 U.S. at 325.  See also Denton v. Hernandez, 504 U.S. 25, 32-33, (1992); Fredyma v. AT&T Network Sys., Inc., 935 F.2d 368, 368 (1st Cir. 1991); Clorox Co. Puerto Rico v. Proctor & Gamble, 228 F.3d 24, 30–31 (1st Cir. 2000).

    A.        Discussion

           1.        **The Complaint Fails to Comply with the Basic Pleading Requirements of the Federal Rules of Civil Procedure**

The complaint fails to comply with the basic pleading requirements of the Federal Rules of Civil Procedure.  Under the Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) (emphasis added),

and "'give [each] defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  That is, a "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why—although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  The claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Because doing so promotes clarity, "each claim founded on a separate transaction or occurrence ... must be stated in a separate count...." Id.  In essence, the complaint must succinctly set forth as to each defendant what the plaintiff claims the defendant did (or failed to do), where it occurred, when it occurred, and the relief the plaintiff seeks as to each defendant.  Put another way, the complaint must clearly identify the claims and relief Williams seeks as to each defendant and provide a sufficient factual basis for each of the elements of the claims that she asserts.  The caption must identify all defendants.  Fed. R. Civ. P. 10(a).

Here, Williams generally describes myriad lawsuits through which she believes her rights have been violated, but provides little factual detail as to what rights have been infringed, how they were infringed, and who infringed them.  Furthermore, Williams fails to identify a particular defendant and has impermissibly lumped the defendants together.  Williams will be permitted to amend her complaint to conform to the basic pleading requirements of the Federal Rules of Civil Procedure.

    **2.**  **No Private Right of Action Under Federal Criminal and Immigration Statutes**

Williams cannot bring a civil lawsuit based upon the alleged violation of federal criminal statutes that do not confer a private right of action.  A private citizen "'has no authority to initiate

a federal criminal prosecution,' nor to seek other relief based on alleged violations of federal criminal statutes." Diaz v. Perez, No. 16-11860-RGS, 2016 WL 6871233, at *5 (D. Mass. Nov. 21, 2016) (citing Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)).  The federal criminal statutes referred to in the complaint do not confer a private right of action.  Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute").  Therefore, the complaint fails to state a claim under the federal criminal statutes.

As to 8 U.S.C. § 1325(c), this immigration statute describes penalties for marriage fraud for attempting to evade immigration laws and also does not provide a private right of action.

### 3. The Complaint Fails to State a Claim under Title VII

Title VII, 42 8 U.S.C. § 2000e, requires that an aggrieved employee file an administrative charge as a prerequisite to commencing a civil action for employment discrimination.  Fantini v. Salem State Coll., 557 F.3d 22, 26 (1st Cir. 2009).  A Title VII claim can only be brought by an "employee" against their "employer."  See Lopez v Massachusetts, 588 F.3d 69, 82-90 (1st Cir. 2009).  The administrative process begins with the filing of an administrative charge before the Equal Employment Opportunity Commission ("EEOC") or its state analogue (in this case, the Massachusetts Commission Against Discrimination ("MCAD")).  See Franceschi v. U.S. Dep't of Veterans Affairs, 514 F.3d 81, 85 (1st Cir. 2008). The employee may sue in federal court only if the EEOC dismisses the administrative charge, or if the EEOC does not bring civil suit or enter into a conciliation agreement within 180 days of the filing of the administrative charge.  42 U.S.C. § 2000e–5(f)(1); see also Franceschi, 514 F.3d at 85.  Here, Williams does not allege that any of the defendants employed her or subjected her to discriminatory treatment, nor does she seem to have complied with the required administrative process.

### 4. The Complaint Fails to State a Claim under 42 U.S.C. § 1983

As to any claim brought pursuant to 42 U.S.C. § 1983, the complaint fails to state a claim upon which relief can be granted.  Generally speaking, Section 1983 provides a remedy for the violation of federal right by a person acting under the color of state law.[2]  Many of the entities identified as defendants in the complaint are not entities that can be sued under Section 1983.  It is well-established that a state is not amenable to suit under 42 U.S.C. § 1983 because a state is not a "person" within the meaning of that statute.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  The Commonwealth as well as any agencies or state officials are immune from federal suit under the Eleventh Amendment to the United States Constitution.  Id. at 66.  To the extent that Williams seeks monetary damages from state court judges, such claims are barred because judges are immune "from liability for damages for acts committed within their judicial jurisdiction . . . even when the judge is accused of acting maliciously and corruptly."  Pierson v. Ray, 386 U.S. 547, 554 (1967).

### 5. Rooker-Feldman and Younger Abstention Doctrines

To the extent Williams seeks to have this Court review state actions that have already concluded, such claims are subject to dismissal because (1) this Court has no subject matter jurisdiction action under the Rooker Feldman Doctrine (if the underlying matters are concluded), or it will abstain from exercising its jurisdiction under the Younger Doctrine (if the underlying matter is ongoing).

Under the Rooker Feldman doctrine, this Court lacks subject-matter jurisdiction to review the decisions of state courts if the underlying matters are concluded.  This doctrine precludes a federal action if the relief requested would effectively reverse or void a state court decision, or if

---

[2]  "42 U.S.C. § 1983 . . . furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights."  Alfano v. Lynch, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing Kalina v. Fletcher, 522 U.S. 118, 123 (1997)).

the plaintiff's claims are "inextricably intertwined" with the state court action.  See Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994); Exxon Mobil Corp. v. Saudi Basic Industries Corp., Inc., 544 U.S. 280 (2005) (doctrine applies to cases by state court losers seeking review and rejection of state court judgments rendered prior to commencement of federal suit).  Here, Williams' request for this Court to review state court rulings would effectively reverse the state court's determinations, and the allegations, limited as they are, are inextricably intertwined with those actions.  Thus, to the extent that Williams seeks to have this Court review decisions from state court actions and determine that they are incorrect and/or reverse such decisions, there is no jurisdiction and the action is subject to dismissal.  See Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009) (affirming dismissal of action relating to custody of child for lack of subject matter jurisdiction under Rooker-Feldman Doctrine).

Similarly, to the extent that there are on-going proceedings in state court, the Court will abstain from exercising jurisdiction under Younger v. Harris, 401 U.S. 37, 46 (1971).  A federal court must abstain from reaching the merits of a case over which it has jurisdiction so long as there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding (or, at least, instituted prior to any substantial progress in the federal proceeding), that (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit.  See Brooks v. New Hampshire Supreme Court, 80 F.3d 633 (1st Cir. 1996) (citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Presuming this Court otherwise has jurisdiction, Williams' request for the Court to interfere with pending state proceedings implicate all three prongs of the test, warranting

Younger abstention in this case. While Williams may be disappointed with various rulings in state court, she may not bring a federal civil action as a vehicle to disturb such results.

### 6.     Improper Joinder

As best as can be gleaned from the complaint, it appears that Williams is attempting to bring several different legal claims with each claim involving a different set of defendants. While Rule 18(a) of the Federal Rules of Civil Procedure permits Williams "to bring multiple claims against a defendant in a single action ... it does not permit the joinder of unrelated claims against different defendants." Chase v. Chafee, No. 11-cv-586, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011), report and recommendation adopted, No. 11-cv-586, 2011 WL 6826629 (D.R.I. Dec. 28, 2011); see Spencer v. Bender, No. 08-cv-11528, 2010 WL 1740957, at *2 (D. Mass. Apr. 28, 2010) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)). Instead, Rule 20 of the Federal Rules of Civil Procedure provides that separate defendants "may be joined in one action as defendants if ... any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and ... any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added). Here, Williams appears to bring several different types of claims. While there may be overlap among some of the parties, Williams is cautioned that it is impermissible to bring multiple unrelated claims within a single action.

## IV.    RECISSION OF SUMMONSES

In accordance with standard Clerk's Office procedure, summonses were issued to Williams upon payment of the filing fee for this action. However, in view of this Memorandum and Order, it is hereby Ordered that the summonses are rescinded. Williams is prohibited from attempting to effectuate service of process absent further Court permission. If process has

already been served, such defendant(s) shall not be obligated to file a responsive pleading to the complaint, unless otherwise ordered.

V.      **FILING OF AN AMENDED COMPLAINT**

As plaintiff is acting on her own behalf and has paid a substantial filing fee, she may try to amend the complaint to overcome the deficiencies described. Any amended complaint must clearly be titled "Amended Complaint." The caption of the amended complaint must name all the defendants. See Fed. R. Civ. P. 10(a). The amended complaint must contain a "short and plain" statement of Williams' claim, and the claim must show that she is entitled to relief. Fed. R. Civ. P. 8(a). In other words, the amended complaint must contain factual allegations identifying the alleged misconduct of each individual defendant, such that each defendant has adequate notice of the factual basis of the claim against them. Mere conclusions are insufficient. In addition, these factual allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations and legal claims in the amended complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

VI.     **CONCLUSION**

Accordingly, the Court finds that it retains jurisdiction over all the matters presently before the Court in this case despite the pending appeal, and it is hereby ORDERED:

1.      The complaint is DISMISSED pursuant to the Court's inherent power, as set forth above. If Williams wishes to proceed in this matter, she may file an amended complaint in accordance with the requirements discussed above. Failure to do so within twenty-eight (28) days, that is by April 1, 2024, may result in dismissal of this action without prejudice.

2. The Summonses previously issued in this action are hereby RESCINDED. Summons shall not reissue. Plaintiff is prohibited from serving process, and defendant(s) are not obligated to respond to the complaint absent further Order of this Court.

3. The Commonwealth's Motion to Dismiss [Dkt. No. 32] is ALLOWED for the reasons stated above and for the reasons stated in the Commonwealth's memorandum in support of the motion.

4. Williams' Emergency Motion for Alternate Service [Dkt. No. 37] is DENIED.

5. Williams' Emergency Motion to Return Mail [Dkt. No. 38] is DENIED.

6. Williams' Motion to Serve Defendants [Dkt. No. 44] is DENIED.

7. Williams' Emergency Motion for Leave of Court [Dkt. No. 43] is DENIED.

**SO ORDERED.**

March 4, 2024

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE